IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIMForum,<br><br>        Plaintiff,<br><br>        v.<br><br>Ascend Building Knowledge Foundation,<br><br>        Defendant. | CIVIL ACTION NO. 2:25-CV-1388-GAM |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on June 19, 2025, and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference _____, 2025 Time of Rule 16 Conference __:__ am / pm.

**1.    Discussion of Claims, Defenses, and Relevant Issues**

    **A.  Plaintiff's Position**

In early 2005, John Tocci, Sr. and his son, John Tocci, Jr., founded BIMForum as an unincorporated organization for professionals in the building industry to gather, share, and learn from different perspectives on 3D building modeling, design, and construction simulation. At the time, John Jr. also designed the original BIMForum logo, BIMFORUM, purchased the domain name <<bimforum.org>>, and launched BIMForum's website.

BIMForum's early focus, which continues to this day, included bringing building information modeling technology and standardization to the construction industry. That focus also aligned with the needs of a trade association with which the Toccis were also involved, The Associated General Contractors of America (AGC). In 2006, John Sr. presented a proposed organizational structure to the Private Industry Advisory Council, which AGC sponsored. Due to the their synergies, AGC became BIMForum's primary sponsor, lending it operational and fiscal support for about a decade, until 2018.

In 2012, having obtained a license from the American Institute of Architects (AIA) to use their original set of building information modeling definitions, BIMForum began working on its "Level of Development" specification (LOD). The LOD, which is published annually, has become an industry-accepted standards specification that is used and studied by academics

1

around the world, and is incorporated into private and government contracts and used by professionals in the architecture, engineering, and construction industries.

In October 2019, AGC decided to end its financial sponsorship and asked BIMForum's leadership to form a new nonprofit corporate entity to hold all BIMForum intellectual property. In accordance with its charter, BIMForum did so, formally incorporating as a Pennsylvania nonprofit corporation, keeping its same trade name, logos, and website. Several months later, reflecting its international prominence, BIMForum adopted a new primary logo designed by the sister of its Board members, [BIM FORUM logo]. In 2022, BIMForum revamped its website and updated its branding, adopting its current primary logo design (right). But BIMForum also continued using both its earlier logos in connection with its services.

Ascend's principal, Will Ikerd, II, joined BIMForum a few years after its founding. Aside from being a regular contributor to the LOD (both personally, and through the sponsorship of companies he controls, including Ascend), Ikerd sat on BIMForum's Board, including during the years that BIMForum and AGC parted ways and BIMForum formally incorporated. However, in 2022 Ikerd attempted and failed to become BIMForum's President, and he subsequently resigned from BIMForum.

Beginning in the summer of 2023, Ascend began to pretend to be BIMForum. To make its ruse appear legitimate, Ascend fraudulently applied to the USPTO and Texas Secretary of State to register BIMForum's name and corporate logos as though Ascend owned them, which it later began using on a new website at <<bimforum.global>>, on social media, and in "Level of Development" and other publications that BIMForum also publishes and has published under the same titles. At the same time, Ascend's prior website (at <<ascendbkf.org>>), and other websites affiliated with Ikerd, began to be scrubbed of their many endorsements and other explicit recognitions of BIMForum as the true entity with the corporate identity Ascend has attempted to usurp.

Ascend's impersonation immediately caused confusion in the industry, which BIMForum attempted to quash by publishing a written statement. But Ascend's impersonation has only worsened. Then, on Christmas Eve 2024, after the USPTO issued Ascend the trademark registrations it sought, Ascend sent BIMForum's Board members a cease-and-desist notice threatening to sue BIMForum unless it paid a ransom for its own identity. This declaratory judgment action followed.

The following facts independently are controlling in BIMForum's favor: (1) BIMForum has used the trade name BIMForum and the mark [BIMFORUM logo] continuously since 2005, the mark [BIM FORUM logo] continuously since 2020, and the mark [BIM FORUM logo] since 2022; (2) irrespective of the ownership status of the BIMForum name and logo marks prior to BIMForum's formal incorporation, BIMForum has used all of them in commerce at least since October 2019, and no other person did; (3) Ascend did not begin using any variation of BIMFORUM as its name or mark until at least summer 2023; (4) the parties use their identical or near-identical names and marks for the same purposes, in connection with the same services

directed to the same audiences, which predictably has resulted in actual confusion; (5) Ascend did not own any of the marks it registered at the time it applied for them, had not offered all the services it claimed at the time it applied to register them, submitted specimens to the USPTO that it false claimed were in use at the time of its trademark applications that did not exist until later, and does not own or have a license to use the logo designs for any purpose.

### B. **Defendant's Position**

Plaintiff fabricates the existence of an "unincorporated entity" from whole cloth. While John Tocci, Sr. may have registered the domain name initially and penned the initial logo, Mr. Tocci, along with several other volunteers, operated under AGC – not some unincorporated entity. This is nothing more than Plaintiff's transparent attempt to test out a creative legal theory because the undisputed facts will result in liability for the Plaintiff.

The undisputed fact is that AGC registered the BIMFORUM trademark at the United States Patent & Trademark Office ("USPTO"). The USPTO issued a registration certificate in the name of AGC. AGC was the rightful owner of the BIMFORUM trademark. Plaintiff knew this to be the case. Plaintiff can hardly dispute that AGC previously owned the BIMFORUM mark or that all of the services rendered under the mark were through AGC and inured to AGC's benefit.

Discovery will show that Plaintiff's Board, including both John Tocci, Sr. and Will Ikerd, received a demand letter from AGC in 2019 when Plaintiff tried to continue to use the BIMFORUM trademark after it had severed ties with AGC.

Did Plaintiff defend against the demand letter by asserting that it was actually the true owner of the mark? Of course not. Instead, Plaintiff responded to the letter by asserting that *no one* can own BIMFORUM as a trademark because it is merely descriptive or generic when used in connection with a forum for BIM related services. As it relates to the design itself, Plaintiff quickly agreed not to use the BIMFORUM stylization – because AGC owned that trademark (at that time). Will Ikerd was on the Board when these discussions took place, and importantly, when Plaintiff decided it would not use the BIMFORUM trademark.

AGC eventually abandoned the BIMFORUM trademark and stopped rendering its services under BIMFORUM formative marks. The USPTO cancelled AGC's registration in August 2021 as result of its abandonment. When it did, Ascend decided to pick it up – as it rightfully can do once a trademark is discarded.

Plaintiff is upset that it did not adopt the mark after AGC abandoned it. Mad at itself, Plaintiff has now invented the existence of an unincorporated entity and is apparently going to try to argue with a straight face that this unincorporated entity was the "real" owner of the BIMFORUM trademark all along. It is unequivocally wrong.

Plaintiff's other add-on claims are equally unfounded. Plaintiff had only temporarily used the [BIM FORUM logo with globe] trademark before it had expressly abandoned it. That mark was simply a placeholder in response to AGC's demand letter. Plaintiff quickly abandoned the Globe Design after it created [BIM FORUM logo], which was the first trademark that Plaintiff actually owned (and Ascend has never used this trademark). Plaintiff's claim for cancellation of Ascend's now registered trademarks are premised on Plaintiff's false narrative. But to the point, there will be no scienter to support Plaintiff's cancellation claims. Plaintiff's state law claims for misappropriation and unjust enrichment are preempted by the Copyright Act and otherwise fail to state a claim.

Following the Court's disposition on the motion to dismiss, Ascend plans to renew its counterclaims against Plaintiff, who is the real infringing party in this dispute. Likewise, Plaintiff intends to bring additional claims for violation of Plaintiff's copyrights.

### 2. Informal Disclosures

In connection with their early mediation, the parties previously produced key documents informally.

### 3. Formal Discovery

On October 21, 2025, the parties served their Rule 26(a)(1) disclosures and produced key documents falling within the definition of those initial disclosures.

#### A. Plaintiff's Position

BIMForum does not seek any modifications to the Federal Rules regarding the nature, sequence or timing of formal discovery.

BIMForum presently expects to take 5-7 fact witness depositions, each of witnesses located outside of the Eastern District.

BIMForum anticipates that it will require third-party discovery, including from: Will Ikerd, II; Helen Ikerd; Brenda Ikerd; BIMxD Solutions, LLC; IKERD Consulting, LLC; Lauren Aldredge; Cokinos Young; and any other person identified in Defendant's initial disclosures.

BIMForum anticipates that the Court's intervention will be necessary in connection with written discovery and the anticipated deposition of Ascend's trademark counsel, which BIMForum will seek and which is not privileged, or as to which privileges are waived by at least the crime-fraud exception. See, e.g., U.S. v. Doe, 429 F. 3d 450, 454 (3d Cir. 2005) ("The crime-fraud exception to the attorney-client privilege applies to any communications between an

attorney and client that are intended 'to further a continuing or future crime or tort.'"). As set forth in the First Amended Complaint, Ascend defrauded the USPTO into issuing at least four trademark registrations by presenting multiple false averments to the USPTO through its former counsel. What Ascend told its counsel, and what its counsel knew (or did not know) of the facts, are directly at issue in this action. During the Rule 26(f) conference, Defendant stated it will object to such discovery and would attempt to take interlocutory appeal of any determinations in BIMForum's favor.

A protective order applicable to discovery may be necessary. BIMForum anticipates the parties will submit a stipulated proposal to the Court.

BIMForum proposes a deadline for completion of discovery of January 16, 2025.

### B. **Defendant's Position**

Ascend does not presently anticipate any need to modify the Federal Rules of Civil Procedure regarding the nature, sequence or timing of formal discovery. However, depending on the direction of discovery, it is possible that Ascend will seek leave to take additional depositions because it may gather testimony from numerous third parties regarding the use and meaning of "BIMForum." § 11:20.1 McCarthy on Trademarks and Unfair Competition § 11:20 (5th ed.) ("Use by the Proponent and Others. Descriptive use by the proponent and others on similar goods and services is relevant evidence of public perception.")

In such event, depositions would occur outside of the Eastern District at the location of third party witnesses, as well as at the location of Plaintiff's various Board members, including John Tocci, Sr., Jim Bedrick, Rick Del Monte, Luke Faulkner, Carl Roberts, and Jan Reinhardt.

Ascend will object to Plaintiff's efforts to take discovery from its prior counsel. Those communications are protected by attorney-client privilege. Nonetheless, Ascend will evaluate any discovery it receives from Plaintiff and lodge proper objections based on such discovery at that time.

Ascend also anticipates the need for a standard protective order applicable to discovery to protect commercially sensitive documents and information. Ascend will work with Plaintiff in a joint submission for this purpose.

Ascend cannot bring all of its counterclaims against Plaintiff because the U.S. copyright office is currently shutdown due to a lack of funding. With that in mind, and further to the Court's practices and procedures, Ascend proposes a deadline for the completion of fact discovery 150 days from the date of the Rule 16 pretrial conference. Ascend suggests 150 days, as opposed to 120 days, because both parties intend on taking discovery from non-parties, and in the undersigned's experience, it is less disruptive for non-parties when they have a larger time frame for compliance. Ascend then suggests an expert discovery period whereby the parties

exchange affirmative expert reports within 30 days of the close of fact discovery and then rebuttal reports, if any, within 30 days after the affirmative expert report deadline.

4. **Electronic Discovery**

   A. **Plaintiff's Position**

   BIMForum has implemented a litigation hold. Subject to any future award of costs, each party will bear its own e-discovery costs during the pendency of this action.

   BIMForum has proposed a draft ESI Protocol to Ascend, which includes a Rule 502/clawback provision, and anticipates that the parties will be able to work through any potential areas of disagreement.

   B. **Defendant's Position**

   Ascend has implemented a litigation hold and agrees with Plaintiff's position above.

5. **Expert Witness Disclosures**

   A. **Plaintiff's Position**

   Disclosures of opinions as required by Fed. R. Civ. P. 26(a)(2) as to which a party bears the burden of initial production: December 19, 2026
   Disclosures of opinions in rebuttal: January 2, 2026.
   Depositions of and discovery related to expert disclosures : January 16, 2026.

   B. **Defendant's Position**

   Disclosure of affirmative expert reports within 30 days of the close of fact discovery.

   Disclosure of rebuttal reports, if any, within 30 days after the affirmative expert report deadline.

   Depositions of all expert witnesses concluded within 30 days of the rebuttal report deadline.

6. **Insurance Coverage**

   A. **Plaintiff's Position**

   BIMForum has produced copies of its potentially applicable insurance policies to Defendant.

   B. **Defendant's Position**

   Defendant has no potentially applicable insurance policies.

7. **Settlement or Resolution**

   A. <u>**Plaintiff's Position**</u>

   The parties invested substantial time in an in-person mediation held on August 27, 2025 in Pittsburgh, multiple proposals exchanged after that mediation, and an in-person meeting of Ascend's principal and BIMForum's Board of Directors on September 11, 2025. The parties were unable to finalize a settlement. At this time the parties are at impasse on several key issues.

   B. <u>**Defendant's Position**</u>

   Ascend agrees that the parties have invested substantial time and effort to resolve the dispute and are currently at an impasse.

8. **Trial date**

   A. <u>**Plaintiff's Position**</u>

   BIMForum requests a trial date of March 16, 2026 or as soon thereafter as the Court is available.

   B. <u>**Defendant's Position**</u>

   Ascend requests a trial date be set by the Court following dispositive motions by the parties.

9. **Length of Trial**

   A jury trial is estimated to require approximately four days.

10. **Other Matters**

    No other pretrial matters are known to the parties at this time.

DATED: October 21, 2025          **BALLARD SPAHR LLP**

By: */s/ Benjamin N. Simler*
Lynn E. Rzonca
Benjamin N. Simler
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Email: rzoncal@ballardspahr.com
Email: simlerb@ballardspahr.com
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Plaintiff BIMForum*

**RUMBAUGH LAW PLLC**

By: */s/ Shane M. Rumbaugh (with permission)*
Shane M. Rumbaugh
Rumbaugh Law PLLC
2400 Ansys Drive | Suite 102
Canonsburg, PA 15317
Email: shane@rumbgh.com
Telephone: 724.213.2591

*Attorneys for Defendant Ascend Building Knowledge Foundation*